UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE NELSON, | No. 2:16-cv-0561 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| WASTEQUIP MANUFACTURING COMPANY LLC, et al., | |
| Defendants. | |

This is an employment discrimination and retaliation case brought solely under Cal. Govt. Code § 12940, and removed to this court under diversity jurisdiction. Plaintiff alleges that defendant fired him because he was not Hispanic.

I. THE MOTION TO COMPEL

A. The Discovery Dispute

Plaintiff moves to compel defendant to produce documents and answer an interrogatory regarding what defendant knew about the employment of: (1) Tim Leonardo ("Lead"), a non-Hispanic who allegedly quit after being harassed by the Hispanic line workers; and (2) Pedro Ortiz, who allegedly quit rather than work for a non-Hispanic, and whom defendant later rehired just before firing plaintiff and another non-Hispanic supervisor. Specifically, plaintiff moves to compel the production of documents relating to Leonardo's leaving his job (Doc. Request No.

1

12), Ortiz leaving his job in July 2015 (No. 14), and Ortiz's re-hiring in September 2015 (No. 18). Plaintiff also moves to compel an answer to an interrogatory asking why Ortiz left his job in July 2015 (Interrogatory No. 4).

Plaintiff argues that the requested information is central to his case. Defendant refused to produce the requested information on the grounds doing so would violate the privacy rights of Leonardo and Ortiz.

B.  Meet and Confer

The parties met and conferred in person on January 4, 2017, and resolved several issues, but not the ones set forth above.

II.  ANALYSIS

A.  What Law Governs?

"Pursuant to Erie and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law." Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir.), cert. denied, 540 U.S. 875 (2003). Federal discovery rules apply here.

However, defendant is also invoking a privilege based upon privacy rights. "Most evidentiary rules are procedural in nature, and the Federal Rules of Evidence 'ordinarily govern in diversity cases.'" Feldman, 322 F.3d at 666 (quoting Wray v. Gregory, 61 F.3d 1414, 1417 (9th Cir. 1995)). Here, the applicable evidentiary rule provides: "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1328 (9th Cir. 1995) ("[b]ecause Alaska state law supplied the rule of decision with respect to the claims in this case, Alaska privilege rules had to be applied"). Accordingly, California law governs the application of defendant's privilege assertion.

B.  Standards

Plaintiff is entitled to discovery of "any nonprivileged matter that is relevant" to his "claim … and proportional to the needs of the case, … considering … the importance of the discovery in resolving the issues, and whether the burden … of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). Where, as here, the relevance of the

1 discovery sought is not disputed, defendant, as the party resisting discovery, bears the "heavy
2 burden" of showing why discovery should be denied.  See Blankenship v. Hearst Corp., 519 F.2d
3 418, 429 (9th Cir.1975); DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002)
4 (resisting party "has the burden to show that discovery should not be allowed, and has the burden
5 of clarifying, explaining, and supporting its objections").

6       Both sides agree that Ortiz and Leonardo have a privacy interest in the documents and
7 information sought by plaintiff, since they involve personnel matters, and therefore the court must
8 balance plaintiff's need for the information against the privacy interest:

> "In the context of discovery of confidential information in personnel files, even when such information is directly relevant to litigation, discovery will not be permitted until a balancing of the compelling need for discovery against the fundamental right of privacy determines that disclosure is appropriate. … And, even when the balance tips in favor of disclosure, constitutional concerns require a strict circumspection of the scope of the disclosure."

13 El Dorado Savings & Loan Assn. v. Superior Court, 190 Cal. App. 3d 342, 346 (3rd Dist. 1987)
14 (quoting Cutter v. Brownbridge, 183 Cal. App. 3d 836, 843 (1st Dist. 1986)).

15       Defendant asserts that it has the right to assert the rights of its employees and former
16 employees in this regard, and plaintiff does not dispute this.  See Bd. of Trustees v. Superior
17 Court, 119 Cal. App. 3d 516, 525 26 (1st Dist. 1981) ("[t]he custodian [of private information]
18 has the right, in fact the duty, to resist attempts at unauthorized disclosure and the person who is
19 the subject of [it] is entitled to expect that his right will be thus asserted").

20     C.  Resolution

21       The required balancing here is straightforward.  Plaintiff's need for the requested
22 information is clear.  Plaintiff's case is based upon his allegation that defendant fired him – a non-
23 Hispanic supervisor – because it was aware that its Hispanic line workers would not work under
24 non-Hispanic supervisors.  Rather than address the workers' demand that it engage in
25 discrimination, defendant caved in and replaced the non-Hispanic supervisors with Hispanic
26 supervisors.

27       Evidence showing that defendant knew that Leonardo – a non-Hispanic supervisor – was
28 being harassed by the Hispanic line workers is therefore central to plaintiff's case.  Evidence

showing that defendant knew that Ortiz quit because he refused to work under a non-Hispanic supervisor, or that he was re-hired to placated the line workers' demands, is also central to plaintiff's case.  If this evidence exists, it would be clear evidence that defendant had a motive to fire the non-Hispanic supervisors, and that defendant in fact fired plaintiff because he is not Hispanic, in an effort to end the work slow-down by the Hispanic line workers.

Meanwhile it is undisputed that the non-parties' privacy interests can be accommodated by requiring that the requested information be produced under the protective order that the parties recently agreed to.  See ECF Nos. 11, 12.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion To Compel (ECF No. 8), is GRANTED in its entirety; and
2. Defendant shall comply with plaintiff's Document Requests No. 12, 14 and 18, and shall answer plaintiff's Interrogatory No. 4, subject to the terms of the Protective Order.[1]

DATED: January 26, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] At oral argument, the parties indicated that the other discovery issues addressed in the Joint Statement have been resolved.